UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMILA ANN HASKINS,
on behalf of J.S.,

    Plaintiff,                    Civil Action No. 18-10310
                                       Honorable David M. Lawson
            v.                    Magistrate Judge Elizabeth A. Stafford

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

### REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 18]

Plaintiff Jamila Haskins, on behalf of her minor daughter J.S., appeals a final decision of Defendant Commissioner of Social Security (Commissioner) denying J.S.'s application for supplemental security income benefits (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- the Commissioner's motion [ECF No. 18] be **GRANTED**;

- Haskins's motion [ECF No. 17] be **DENIED**; and

- the Commissioner's decision be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

I.   **BACKGROUND**

   A.   **J.S.'s Background and Disability Application**

Born in September 2000, J.S. was 14 years old when Haskins filed an application for disability benefits on July 30, 2015. [ECF No. 9-5, Tr. 164]. Haskins alleged that J.S. is disabled by a learning disability, attention deficit hyperactivity disorder (ADHD), cognitive impairment, and vision problems and that the onset date was December 3, 2013. [ECF No. 9-6, Tr. 192]. After a hearing on October 26, 2016, during which J.S. and Haskins testified, the ALJ found that J.S. was not disabled in a January 2017 written decision. [ECF No. 9-2, Tr. 15-35, 36-51]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Haskins timely filed for judicial review. [*Id.*, Tr. 1-3; ECF No. 1].

   B.   **The ALJ's Application of the Disability Framework**

A child under the age of 18 will be considered disabled if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a

2

continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner determines whether a child is disabled by analyzing three sequential steps, assessing: (1) whether the child is engaged in "substantial gainful activity"; (2) whether the child has any "severe" impairments; and (3) whether the child's impairment or combination of impairments meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). *See* 20 C.F.R. § 416.924(a); *Barnett ex rel. D.B. v. Comm'r of Soc. Sec.*, 573 F. App'x 461, 462 (6th Cir. 2014).

In analyzing functional equivalence, the ALJ examines the effects of a claimant's impairments on six behavioral domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. *Barnett*, 573 F. App'x at 464; 20 C.F.R. § 416.926a(b)(1). A claimant's impairments "functionally equal the listings" if they result in "'marked' limitations in two domains" or "an 'extreme' limitation in one domain." § 416.926a(a).

Applying this framework, the ALJ concluded that J.S. was not disabled. At the first step, he found that J.S. had not engaged in substantial gainful activity since the application date. [ECF No. 9-2, Tr. 21].

Next, the ALJ determined that J.S. had the severe impairments of borderline intellectual functioning and ADHD. [*Id.*]. At the third step, she concluded that J.S.'s impairment did not meet, medically equal, or functionally equal the severity of the listed impairments. [*Id.*, Tr. 22].

In assessing the six functional equivalence domains, the ALJ found that J.S. had a marked limitation in acquiring and using information; "less than marked" limitations in attending and completing tasks, interacting and relating with others, and the ability to care for herself; and no limitation in moving about and manipulating objects and health and physical well-being. [*Id.*, Tr. 24-32]. As a result, J.S. was found not disabled. [*Id.,* Tr. 32].

## II. ANALYSIS

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted).

Haskins' only claim of error is that the ALJ found J.S.'s IQ test results

4

from 2012 "too old to be considered valid in this case" in his analysis of Listings 112.05D and 112.05E. [ECF No. 9-2, Tr. 22]. The Commissioner argues that the ALJ properly found the IQ scores to be beyond the two-year validity for results obtained between ages seven and sixteen when the IQ is 40 or above. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 112.00(D)(10) (effective September 29, 2016 to January 16, 2017). The Court agrees with the Commissioner.

In order to meet Listing 112.05(D) or (E), which apply to intellectual disorders, a claimant must have "a valid verbal, performance, or full scale IQ of 60 through 70," with additional requirements for each section. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, §§ 112.05(D) and (E) (effective September 29, 2016 to January 16, 2017).[1] "IQ test results must also be sufficiently current for accurate assessment under 112.05." *Id.*, § 112.00(D)(10). Specifically, results IQ results over 40 or greater obtained between the ages of seven and sixteen are only considered current for two years. *Id.* This is because, as the regulation states, "the results of IQ tests tend to stabilize by the age of sixteen." *Id.* Noting these regulations, the ALJ concluded that J.S.'s IQ results from June and October 2012—

---

[1] This regulation has subsequently been amended twice, but those amendments post-date the ALJ's decision in this matter.

5

reflecting scores of 69 and 70 respectively when J.S. was age twelve—were too old to be considered valid.  [ECF No. 9-2, Tr. 22].

Haskins argues that "even though SSI benefits are not payable for the whole period of alleged disability, the ALJ must consider the entire medical history." [ECF No. 17, PageID. 641].  This is not accurate.  The regulation Haskins cites states, "[The Commissioner] will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary."  20 C.F.R. § 416.912(d) (effective April 20, 2015 to March 26, 2017).  *See also Wells v. Comm'r of Soc. Sec.*, No. 1:07-CV-666, 2008 WL 2783254, at *3 (W.D. Mich. July 17, 2008).  The IQ scores in question predate the July 2015 application date by over twelve months, and Haskins declined to argue that development of an earlier period was necessary.

More importantly, the specific rule governs over the general, and § 112.00(D)(10)—relating specifically to IQ test results obtained before the age of sixteen—dictates that J.S.'s scores are only considered valid for two years, with no discretion left to the ALJ to determine otherwise.  Haskins interprets this provision as allowing the results to be valid if they are within two years of a claimant's alleged onset date, which in this case, they are.

6

But in the Sixth Circuit, the two-year period is considered to run from the date of the administrative hearing. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125–26 (6th Cir. 2003) ("Because Kamea's test results all exceeded the forty point standard, they would be considered current for only two years. Therefore, only those scores obtained within two years prior to the date of the administrative hearing in 1999 are valid for purposes of determining whether Kamea is disabled under the Act."). *See also Hall on behalf of M.C.L.B. v. Comm'r of Soc. Sec.*, No. 1:16-CV-2748, 2017 WL 6459591, at *8 (N.D. Ohio Nov. 30, 2017), *adopted,* 2017 WL 6416350 (N.D. Ohio Dec. 15, 2017) (testing in November 2010 not valid for December 2013 application, October 2015 hearing, or December 2015 decision).

Courts from outside of this district have also found that the operative date is that of the claimant's application. *See Brummett ex rel. L.R. v. Astrue*, No. 5:10-CV-384 GLS, 2012 WL 432099, at *2 (N.D.N.Y. Feb. 10, 2012); *LaRock ex rel. M.K. v. Astrue*, No. 10-CV-1019 NAM VEB, 2011 WL 1882292, at *5 (N.D.N.Y. Apr. 29, 2011), *adopted,* 2011 WL 1883045 (N.D.N.Y. May 17, 2011). Haskins has cited not case law to the contrary.

In short, J.S.'s IQ scores from 2012 were no longer valid by the time of Haskins' application date in 2015, her hearing in 2016, or the ALJ's

7

decision in 2017 and the ALJ could not have considered them in his Listing analysis.  Haskins has thus failed to show error in the ALJ's decision, and it should be affirmed.

### III.    CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Haskins' Motion for Summary Judgment [ECF No. 17] be **DENIED**, the Commissioner's Motion [ECF No. 18] be **GRANTED**, and the ALJ's decision **AFFIRMED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 22, 2019

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Haskins v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.